UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KINGSTON DUBARRY, *pro se*,

                Petitioner,

            -against-

WARDEN ADA PEREZ,

                Respondent.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-CV-1345 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

On March 15, 2012, *pro se* Petitioner[1] Kingston Dubarry ("Petitioner" or "Dubarry") filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, alleging that: (1) the trial court improperly permitted the prosecutor to cross-examine a defense witness concerning the witness' uncharged prior bad acts and arrests; and (2) the trial court erred in permitting the prosecutor to call a rebuttal witness to testify that a defense witness' trial testimony was inconsistent with her pretrial statements to an investigator. Respondent opposes each claim alleged in the petition (*see generally* Affirmation of Solomon Neubort in Opposition to Petition, Dkt. Entry No. 4.) For the reasons set forth below, the petition is denied in its entirety.

## BACKGROUND

On December 25, 2007, Petitioner shot Andre Etheridge, a security guard working at the Tropical Sunset Night Club in Brooklyn, four times in the arm and leg. (Trial Transcript, *People v. Dubarry,* Indict. No. 12708/2007 ("Tr.") at 34, 36, 86, 109, 144, 145.) Earlier in the evening, Petitioner was involved in an altercation with a different security guard after attempting to gain

---

[1] In reviewing Petitioner's pleadings, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006).

re-entry to the club. (*Id.* at 29, 30, 56, 59, 83, 140, 141, 225-231.) Immediately after the shooting, the police were summoned and pursued Petitioner who fled on foot. (*Id.* at 87, 147, 149, 168, 186, 202, 203.) The police officers observed Petitioner discard a firearm underneath a parked vehicle. (*Id.* at 168, 189.) The officers apprehended Petitioner and recovered the firearm. (*Id.* at 168, 171, 195, 206.) The gun later was determined to be operable and matched the bullets and shell casings recovered at the scene of the crime. (*Id.* at 291, 309.)

Petitioner was charged with Attempted Murder in the Second Degree (N.Y. Penal Law § 110.00/125.25[1]), Attempted Assault in the First Degree (N.Y. Penal Law § 110.00/120.10[1]), Assault in the Second Degree (N.Y. Penal Law § 120.05[2]), two counts of Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § § 265.03[2], [3]), Reckless Endangerment in the Second Degree (N.Y. Penal Law § 120.20), Assault in the Third Degree (N.Y. Penal Law § 120.00[1]), and Criminal Possession of a Weapon in the Fourth Degree (N.Y. Penal Law § 265.01[1]).

Following a jury trial, Petitioner was convicted of Attempted Assault in the First Degree (N.Y. Penal Law § 110.00/120.10[1]) and sentenced to a determinate prison term of ten years and a period of post-release supervision of two and one-half years.

On June 28, 2011, the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division") affirmed Petitioner's judgment of conviction. *People v. Dubarry,* 85 A.D.3d 1200 (2d Dep't 2011). On November 8, 2011, the New York State Court of Appeals denied Petitioner leave to appeal. *People v. Dubarry,* 17 N.Y.3d 952 (2011). This petition timely was filed on March 15, 2012.

# STANDARD OF REVIEW

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A federal district court may grant a writ of *habeas corpus* to a state prisoner on a claim that was adjudicated on the merits in state court only if it concludes that the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

A decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-413 (2000). An "unreasonable application" is one in which "the state court identifie[d] the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Id.* at 413. Finally, "a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**DISCUSSION**

Petitioner argues that the prosecutor improperly questioned a defense witness about several prior domestic incidents involving the witness and his sisters. In some instances, the police were summoned and arrested the witness, though the witness was never convicted. The Appellate Division agreed that the line of questioning was improper, but held that "the error was harmless, since the evidence of defendant's guilt was overwhelming, and there is no significant probability that the verdict would have been different absent the error." *People v. Dubarry*, 85 A.D.3d 1200.

As an initial matter, challenges to state evidentiary rulings ordinarily do not provide the basis for *habeas corpus* relief because it is not the province of a federal court to re-examine state court determinations on state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal *habeas* court will review a trial court's evidentiary ruling only where the evidence "is so extremely unfair that its admission violates fundamental conceptions of justice." *Dowling v. United States*, 493 U.S. 342, 352 (1990).

Petitioner has offered no evidence that his trial was fundamentally unfair because the prosecutor cross-examined one of the defense witnesses concerning his prior bad acts. Indeed, even assuming that the admission of this testimony was an error of constitutional dimension, *habeas* relief would be appropriate only if the error "had substantial and injurious effect or influence in determining the jury's verdict," and if the error resulted in "actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal citations omitted). In making this determination, "the principal factors to be considered are the importance of the witness' wrongly admitted testimony, and the overall strength of the prosecution's case." *Wray v. Johnson*, 202 F.3d 515, 526 (2d Cir. 2000) (internal citations omitted).

This Court agrees with the Appellate Division's finding that the "evidence of defendant's guilt was overwhelming." Three eyewitnesses saw Petitioner shoot the victim. Two of these eyewitnesses previously were acquainted with Petitioner, and all three were in close proximity to the victim in a well-lit area. Two police officers arrived immediately to the scene of the crime, and the eyewitnesses identified Petitioner to the officers as the man who shot the victim. The officers, who chased Petitioner as he fled the scene, and one of the eyewitnesses saw Petitioner crouch down and throw something under a parked car. The officers immediately apprehended Petitioner, and later retrieved a gun from under the car. The gun was determined to be operable, and matched the shell casings and bullets retrieved at the scene. The strength of the prosecution's case was overwhelming, and, therefore, Petitioner's claim on this ground is denied.

Petitioner next argues that the trial court erred in permitting the prosecution to call a rebuttal witness to testify that a defense witness' trial testimony was inconsistent with her pretrial statements to an investigator. Specifically, Petitioner's fiancé testified at trial that, while they were running away from the gunshots, Petitioner bent down to help her with her broken silver shoe near the car where the gun eventually was recovered. (Tr. 396-96.) She was asked specifically if, prior to trial, she had told an investigator that she ran out of the club without Petitioner and only saw Petitioner being handcuffed when she was walking back toward the nightclub after the shooting. (*Id.* at 416-17.) The witness denied making this statement. (*Id.* at 418.) The prosecution sought to impeach this testimony by calling an investigator from the King's County District Attorney's Office as a rebuttal witness. The investigator testified that he interviewed Petitioner's fiancé and she failed to mention in her pretrial statements that Petitioner bent down to retrieve her shoe. (*Id.* at 471-73.) Petitioner contends that this impeachment by

omission was improper, and that the investigator's testimony was erroneously admitted extrinsic evidence. The Appellate Division rejected this contention. *People v. Dubarry,* 85 A.D.3d 1200.

As discussed above, on *habeas* review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States, and a *habeas* petitioner must demonstrate that any allegedly erroneous state evidentiary ruling violated an identifiable federal constitutional right. *Habeas corpus* relief only is available for errors of state evidentiary rulings where petitioner can show that the error deprived him of a fundamentally fair trial.

In order to prevail on a *habeas* claim relating to the state court's evidentiary ruling, Petitioner first needs to show that the ruling violated a New York evidentiary rule. Under New York law, "[i]t is well established that a witness' prior inconsistent statements may be used to impeach his trial testimony." *People v. Bornholdt*, 33 N.Y.2d 75, 88 (1973). This includes inconsistencies based on "unnatural" omissions from prior statements. *See, e.g., People v. Savage*, 50 N.Y.2d 673, 679 (1980)("It is an elementary rule of evidence, and of common sense, in our State and almost every other jurisdiction, that, when given circumstances make it most unnatural to omit certain information from a statement, the fact of the omission is itself admissible for purposes of impeachment . . . ."). Therefore, the impeachment by omission was proper under New York law.

Petitioner also claims that investigator's rebuttal testimony violated the rule prohibiting the use of extrinsic evidence to impeach a witness on a matter that is merely collateral. *People v. Alvino*, 71 N.Y.2d 233, 247-48 (1987). "However, the rule, whose purpose is to avoid undue confusion and unfair surprise on matters of minimal probative worth, has no application where the issue to which the evidence relates is material in the sense that it is relevant to the very issues that the jury must decide." *People v. Knight*, 80 N.Y.2d 845, 847 (1992) (internal citations

omitted). Here, the testimony of Petitioner's fiancé went directly to the main issue the jury had to decide, namely, whether Petitioner shot the victim four times with a silver handgun. According to the fiancé's testimony at trial, Petitioner could not have been the shooter because she was leaving the nightclub with Petitioner at the time of the shooting. The fiancé further testified that Petitioner stopped and bent over to help her with her silver shoe, not to discard a silver firearm as argued by the prosecution. The prosecution sought to impeach this testimony by calling an investigator who previously had interviewed the fiancé. The trial court did not abuse its discretion in allowing the introduction of the fiancé's prior statements because the evidence was material to the case and was not offered solely to undermine the witness' credibility. Accordingly, the Appellate Division correctly applied New York evidentiary law.

Petitioner has failed to demonstrate an error under state evidentiary law, much less an error of constitutional magnitude. *See e.g., Jones v. Stinson,* 94 F. Supp. 2d 370, 391-92 (E.D.N.Y. 2000), rev'd on other grounds, 229 F.3d 112 (2d Cir. 2000) (once the *habeas* court has found that the state court ruling was not erroneous under state law, there is no need to apply a constitutional analysis). Petitioner's claim on this ground is denied.

omitted). Here, the testimony of Petitioner's fiancé went directly to the main issue the jury had to decide, namely, whether Petitioner shot the victim four times with a silver handgun. According to the fiancé's testimony at trial, Petitioner could not have been the shooter because she was leaving the nightclub with Petitioner at the time of the shooting. The fiancé further testified that Petitioner stopped and bent over to help her with her silver shoe, not to discard a silver firearm as argued by the prosecution. The prosecution sought to impeach this testimony by calling an investigator who previously had interviewed the fiancé. The trial court did not abuse its discretion in allowing the introduction of the fiancé's prior statements because the evidence was material to the case and was not offered solely to undermine the witness' credibility. Accordingly, the Appellate Division correctly applied New York evidentiary law.

Petitioner has failed to demonstrate an error under state evidentiary law, much less an error of constitutional magnitude. *See e.g., Jones v. Stinson,* 94 F. Supp. 2d 370, 391-92 (E.D.N.Y. 2000), rev'd on other grounds, 229 F.3d 112 (2d Cir. 2000) (once the *habeas* court has found that the state court ruling was not erroneous under state law, there is no need to apply a constitutional analysis). Petitioner's claim on this ground is denied.

# CONCLUSION

The petition for a writ of *habeas corpus* is denied in its entirety. Petitioner is further denied a certificate of appealability as he fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

DATED: Brooklyn, New York
September 24, 2015

_____/s/_____
DORA L. IRIZARRY
United States District Judge